BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
Marion V. Mauch (SBN: 253672)
Theodore Dorenkamp III (SBN: 277004)
Garrett B. Stanton (SBN: 324775)
Colin P. Cronin (SBN: 325644)
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No.: 310/ 768-3068
Fax No.: 310/ 719-1019

Attorneys for Defendant
FORD MOTOR COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

JEFFREY SUTTON,

Plaintiff,

vs.

FORD MOTOR COMPANY; and DOES 1 through 10, inclusive,

Defendants.

**CASE NO.: 8:20-cv-00615**

(Removed from Orange County Superior Court Case No. 30-2020-01134203-CU-BC-CJC)

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, and 1446**

Action Filed: February 25, 2020
Trial: None

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Ford Motor Company by its counsel Bowman and Brooke LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity jurisdiction, the claims pending as Case No. 30-2020-01134203-CU-BC-CJC of the Superior Court of California, County of Los Angeles.

**I. THE REMOVED CASE**

1. The removed case is a civil action commenced in the Superior Court

of California, County of Orange by Plaintiff Jeffrey Sutton(hereinafter "Plaintiff") entitled *Jeffrey Sutton v. Ford Motor Company, et al.*, Case No. 30-2020-01134203-CU-BC-CJC (hereinafter "State Action"). The named Defendant is Ford Motor Company, a Delaware Corporation with its principal place of business in Michigan.

2. Plaintiff filed the State Action on February 25, 2020, asserting violations under Song Beverly Warranty Act (hereinafter "Song Beverly") against Ford Motor Company based on alleged defects in Plaintiff's 2014 Ford Focus, VIN 1FADP3F24EL441987 (hereinafter "Subject Vehicle"). Plaintiff's causes of action relate to the DPS6 PowerShift transmission installed in Ford Fiesta vehicles beginning in 2011 and Ford Focus vehicles beginning in 2012 which was allegedly defective. (*See* Compl. ¶ 10, attached as part of **Exhibit 1** filed with the Declaration of Colin P. Cronin ["Cronin Decl."].) Ford Motor Company was served with the State Action on February 27, 2020. (*See* CT Corporation service of process transmittal attached to Complaint.)

## II. PROCEDURAL REQUIREMENTS

3. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on February 27, 2020. This Notice of Removal is therefore timely filed. Fed. R. Civ. P. 6(a)(6).

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibit 1** to the Declaration of Colin P. Cronin.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this District embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Orange promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, present summary-judgment type evidence, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of personal jurisdiction, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

10. The amount in controversy in this action exceeds $75,000. *See* 28 U.S.C. § 1332.

11. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding

the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

13. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

14. In the present case, Plaintiff alleges claims for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq*.). (Compl. ¶¶ 7-19.)

15. Plaintiff alleges that on or around November 28, 2014, Plaintiff purchased a new 2014 Ford Focus (Compl. ¶ 4.) Plaintiff alleges the vehicle experienced nonconformities and defects including "repeated failure of the transmission system." (Compl. ¶ 10.) Plaintiff alleges he took the Subject Vehicle in for repair of multiple defects and further alleges that Defendant (Ford Motor Company) was unable to conform Plaintiff's Focus to the applicable express warranty after a reasonable number of repair attempts. (Compl. ¶¶ 11 - 12.)

16. Plaintiff alleges he is entitled to relief under the Song-Beverly Act, including attorney's fees, reimbursement of the price paid for the vehicle, incidental and consequential damages, costs of suit and expenses, general damages, and a civil penalty of up to two times the amount of actual damages. (Compl., Prayer for Relief.)

17. Civil penalties under the Song-Beverly Act are properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorney's fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). In fact, the court in *Fritsch v. Switch Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) more recently held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."

18. The Song-Beverly Act allows for the recovery of attorney's fees, and plaintiff's attorneys regularly request more than $65,000 in Song Beverly cases tried or prepared for trial. *See, e.g., Hall v. FCA US LLC*, 2018 U.S. Dist. LEXIS 85048, at *8-9 (E.D. Cal. May 21, 2018) (plaintiffs' counsel sought $82,110 in fees); *Ruiz v. BMW of N. Am., LLC*, 2018 U.S. Dist. LEXIS 76855, at *22 (C.D. Cal. May 7, 2018) (plaintiff's counsel sought $203,966 in fees); *Garcia v. FCA US LLC*, 2018 U.S. Dist. LEXIS 37594, at *8 n.1 (E.D. Cal. Mar. 7, 2018) (plaintiff's counsel sought $60,615 in fees); *Davtian v. Jaguar Land Rover N. Am. LLC*, 2017 U.S. Dist. LEXIS 30600, at *3 (C.D. Cal. Mar. 3, 2017) (plaintiffs' counsel sought $195,125 in fees); *Clayton v. Ford Motor Co*., 2017 Cal. App. Unpub. LEXIS 4596, at *1-2 (July 5, 2017) (plaintiffs' attorneys sought $177,840 in fees based on 444.6 hours of work at an hourly rate of $400, *plus* a 2.0 multiplier, i.e. $355,680); *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 464 (2016) (trial court awarded "$185,000 in attorney fees and costs for successfully settling her claims under the Song-Beverly Consumer Warranty Act").

19. Here, if Plaintiff were to prevail on his Song-Beverly claims, he could be awarded damages in excess of $75,000 if awarded statutory civil penalties. According to the Complaint, Plaintiff alleges that he purchased the Subject Vehicle on or about November 28, 2014. (Compl. ¶ 4.) According to the NADA Official

Used Car Guide for November 2014, the Manufacturer Suggested Retail Price for a new 2014 Focus SE was $18,515. (Cronin Decl., **Exhibit 2**, NADA Official Used Car Guide, November 2014.) The retail price of $18,515 plus $37,030 as a 2X civil penalty pursuant to the Song-Beverly Act, totals $55,545. (Cronin Decl., ¶¶ 5-7.) Adding reasonable attorney's fees then causes the amount-in-controversy to exceed $75,000.

20. Ford Motor Company is willing and shall, if the Court requires further proof of the amount paid or payable, conduct discovery by interrogatories or depositions to support that the amount in controversy is satisfied pursuant to 28 U.S.C. Section 1332. FRCP 26(a)(1)(A)(iii) requires Plaintiff to file a computation of damages. In the alternative, Plaintiff could file a stipulation and order to be admissible in any court that they are not seeking damages in excess of $75,000 inclusive of civil penalty and attorney fees.

21. Thus, the total amount in controversy exceeds $75,000, considering Plaintiff's additional claims for attorney's fees. The amount in controversy is satisfied. *See also* Cal. Civ. Code §1793.2(d)(2)(B)-(C); § 1794(c).

**IV. DIVERSITY OF CITIZENSHIP EXISTS**

22. Plaintiff is and was at the time of filing of the Complaint a citizen and resident of the County of Los Angeles, California. Ford records and publicly available records amply demonstrate Plaintiff's current and historical residence in the state of California and domiciliary intent to remain a citizen of California. (*See* Cronin Decl., **Exhibits 3 and 4**.) Additionally, since Plaintiff purchased the Subject Vehicle in November of 2014 it has been serviced in Orange County, California and Los Angeles County, California. (*See* Cronin Decl., **Exhibit 5**, Carfax.)

23. Ford Motor Company is and was at the time Plaintiff commenced this action a corporation under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. (*See* Cronin Decl., **Exhibit 6**, Ford's 2020 Form 8-K); Fed. R. Evid. 201 (b)(2) (courts

may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

24. Accordingly, this Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because there is a diversity of citizenship between Plaintiff, a California citizen and Ford, a citizen of Michigan and Delaware but not of California and the amount in controversy exceeds $75,000.

**V. CONCLUSION**

For the reasons stated above, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: March 27, 2020

BOWMAN AND BROOKE LLP

BY: /s/ Colin P. Cronin

Brian Takahashi
Marion V. Mauch
Theodore Dorenkamp III
Colin P. Cronin
Garrett B. Stanton
Attorneys for Defendant,
FORD MOTOR COMPANY

**PROOF OF SERVICE**
F.R.C.P Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502 and my e-mail address is: sylvia.lacrosse @bowmanandbrooke.com.

On **March 27, 2020** I served the foregoing document described as **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, and 1446** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

(**X**) **BY MAIL (F.R.C.P. Rule 5(b)(2))**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.

( ) **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6))**: Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed on the Service/Mailing List.

( ) **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (F.R.C.P. Rule 5(b)(2))**: I sealed such document(s) in separate envelopes for each addressee and deposited each for collection by mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

Executed on **March 27, 2020**, at Long Beach, California.

(X) (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Sylvia S. La Crosse

**SERVICE/MAILING LIST**

**Jeffrey Sutton v. Ford Motor Company**

Deborah L. Horowitz, Esq.
CALIFORNIA LEMON LAW GROUP, INC.
11440 West Bernardo Court, Suite 300
San Diego, CA 92127

**ATTORNEYS FOR PLAINTIFF**

Tel: 858/ 759-2501
Fax: 858/ 759-2502
Email: Debbie@CaliforniaLemonLawGroup.com